Basye *v.* Goodman.

---

## BASYE *v.* GOODMAN.

PRACTICE.—*Set-off.*—*Rebutting Evidence.*—Where a defendant in an action has introduced proof of a set-off, and the plaintiff introduces new matter in evidence in avoidance, the defendant has the same right to introduce rebutting proof, that he would have in an action on the matter pleaded as set-off.

APPEAL from the Henry Common Pleas.

DOWNEY, J.—This action was commenced before a justice of the peace. The defendant pleaded a set-off. Upon a trial before the justice, the plaintiff was successful. On appeal to the common pleas he got a still larger judgment. The defendant is the appellant in this court. The cause of action and the set-off each consists of an account of several items. On the trial in the common pleas the court refused to allow the defendant to give rebutting evidence relating to his set-off. For instance, the defendant had charged in his set-off

for medical services, and made proof of the services, and the reasonable value thereof. The plaintiff then gave evidence tending to show that the services were rendered under a special agreement, by which the defendant was to charge one-fourth less than they were reasonably worth. The defendant then proposed to disprove this special contract, but the court excluded his evidence. Again, the defendant had a charge for pasture for animals; and having proved the pasturing and its value, the plaintiff then gave evidence that on account of the fences being down, and the defendant failing to keep the same up, and other cattle depasturing the fields, he lost the use of the pasture. The defendant then offered to prove that the fences inclosing the pasture-fields were in good repair. This evidence was rejected.

These rulings of the court are the errors assigned. We think they were erroneous. The plaintiff had the right to open and close the evidence and argument; but it is not meant by this that the rebutting evidence of the defendant upon his set-off shall be excluded. If this were so, few defendants would be willing to risk the experiment of putting in a set-off. Where the defendant has given evidence of his set-off, in a case like this, and the plaintiff proves new matter by way of avoidance, the defendant has the same right to give rebutting evidence, that a plaintiff would have where the defendant meets his claim by that kind of defence. It may be that under this rule the defendant will close the evidence; but it is not necessarily so. Had the defendant, instead of using his claim as a set-off, brought an independent action upon it, there could scarcely have been two opinions about the right, under the circumstances, to give this evidence.

The judgment is reversed, with costs, and the cause remanded.

*J. Brown* and *R. L. Polk*, for appellant.

*W. H. Carroll*, for appellee.